# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DEE V. TOWLES,

    Petitioner,

vs.

WARDEN BACA, et al.,

    Respondents.

Case No. 3:13-cv-00576-RCJ-WGC

**ORDER**

    Petitioner, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted an application to proceed <u>in forma pauperis</u> (#1) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court finds that petitioner is unable to pay the filing fee. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the court should not dismiss this action as untimely.

    Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R. 13(1). If the date on which the period would commence occurred before enactment of § 2244(d)(1) on April 24, 1996, then the period commenced on the next day, April 25, 1996. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418). The court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

    Petitioner alleges that he was convicted in state district court of one count of lewd conduct and one count of sexual assault. The state district court entered its judgment in September 1985; petitioner does not know the exact date. Petitioner appealed, and the Nevada Supreme Court affirmed on May 27, 1987. Petitioner then filed a habeas corpus petition in the Nevada Supreme Court on June 12, 2013. That court declined to exercise its original jurisdiction and denied the petition on July 23, 2013. Petitioner then mailed his federal habeas corpus petition to this court on October 16, 2013.

    On its face, the petition is untimely. The one-year period of limitation of § 2244(d) started to run on April 25, 1996, because petitioner's judgment of conviction became final before that date.

It expired at the end of April 24, 1997. Petitioner commenced this action more than 16 years later. Even if his habeas corpus petition filed with the Nevada Supreme Court was eligible for tolling pursuant to 28 U.S.C. § 2244(d)(2), the one-year period had long since expired, and there was nothing left to toll. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Petitioner will need to show cause why the court should not dismiss this action as untimely.

Petitioner has submitted a motion for appointment of counsel. Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954. After reviewing the petition, the court concludes that appointment of counsel is not necessary.

IT IS THEREFORE ORDERED that the application to proceed in forma pauperis (#1) is **GRANTED**. Petitioner need not pay the filing fee of five dollars ($5.00).

IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and the motion for appointment of counsel.

IT IS FURTHER ORDERED that the motion for appointment of counsel is **DENIED**.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the court should not dismiss this action as untimely. Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

///
///
///

1    IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order.  No response is required at this time.

Dated:    June 6, 2014

_____
ROBERT C. JONES
United States District Judge

-4-